# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KEVIN RICHARDSON,                     Case No. 1:13-cv-115
      Petitioner,

                                       Barrett, J.
     vs                             Bowman, M.J.

WARDEN, WARREN                 **REPORT AND**
CORRECTIONAL INSTITUTION,     **RECOMMENDATION**
      Respondent.

Petitioner, a prisoner at the Warren Correctional Institution in Lebanon, Ohio, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without paying the requisite filing fee or submitting an *in forma pauperis* application.  (Doc. 1). On April 3, 2013, the undersigned issued a Deficiency Order requiring petitioner to either pay the $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis* within thirty (30) days.  (Doc. 2).  In that order, petitioner was expressly advised that if he "fails to comply with this Deficiency Order, this case shall be dismissed."  (*Id.*).

It appears from the Court's docket records that petitioner was served with a copy of the Deficiency Order.  However, to date, more than thirty (30) days after the filing of the Deficiency Order, petitioner has yet to pay the $5.00 filing fee or submit an *in forma pauperis* application as directed in that Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  Failure of a party to respond to an order

of the court warrants invocation of the Court's inherent power in this federal habeas corpus

proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the

United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KEVIN RICHARDSON,                                 Case No. 1:13-cv-115
      Petitioner,

                                    Barrett, J.

      vs                                          Bowman, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
      Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc